POWER v. MUNGER.

(Circuit Court of Appeals, Eighth Circuit. July 16, 1894.)

No. 410.

RELEASE AND DISCHARGE—CONSTRUCTION.

W., who was operating marine ways, agreed with P. to haul the latter's steamer to the ways, and keep it there. In handling the steamer, W. allowed it to collide with a boat belonging to B. Suit was brought in the federal court by B. against P., and a judgment for $9,572 was rendered. Pending an appeal from the judgment, B. sued W. in the state court, and obtained a judgment of $4,300, from which an appeal was pending, when W. and P. agreed that if W. would withdraw his appeal, and pay the judgment, P. would contribute one-half thereof, and that. upon the discharge of the judgment, P. would try to have the judgment against him discharged, but that, if he was compelled to pay it, W. should refund him the said amount paid by him and used towards paying the judgment against W., while, if P. should succeed in getting the judgment against him satisfied, the amount so paid by him towards satisfying the judgment against W. should not be refunded. P. eventually had to pay the judgment against him. *Held*, that P. could not recover from W. the amount of such judgment against him, on the ground of W.'s negligence, the agreement having expressly defined W.'s liability, and thereby released him from all other liability growing out of the accident.

In Error to the Circuit Court of the United States for the District of Minnesota.

Action by Thomas C. Power against Roger S. Munger to recover the amount of a decree rendered against plaintiff in an admiralty suit. Defendant had judgment, and plaintiff brings error. Affirmed.

In the month of November, 1879, the firm of C. S. Weaver & Co., which was composed of C. S. Weaver and Roger S. Munger (the latter of whom is the defendant in error), were in charge of and were operating certain marine ways at Bismarck, in the then territory of Dakota. On the 17th day of November, 1879, the firm entered into two contracts with the respective owners of the steamers Butte and Colonel McLeod to haul the said steamers out of the Missouri river, and to furnish room for the same on the marine ways in question, until the opening of navigation in the spring of the year 1880. In the execution of these contracts, the steamer Butte was first hauled out of the water, and partially up the ways, when work was suspended on her for the time being, and the steamer Colonel McLeod was moved to the foot of the ways for the purpose of being drawn out of the water before ice had formed in the river. While the steamers were in this situation, the Butte slid down the ways, because it was not securely blocked and stayed. It collided with the Colonel McLeod, and caused the latter to sink. Subsequently, in the month of July, 1881, John Baker and others, who were the owners of the steamer Colonel McLeod, filed a libel in personam in the United States district court for the district of Minnesota against Thomas C. Power, the present plaintiff in error. and also against other persons who were at the date of the collision the owners of the steamer Butte, for the damage that had been sustained by the sinking of the steamer Colonel McLeod in the aforesaid collision. This suit in admiralty eventually resulted in a decree against Thomas C. Power for the sum of $9,572, from which decree he took an appeal to the United States supreme court. While the latter suit was pending and as yet undetermined, to wit, in the month of August, 1883, Baker and others also brought a suit at common law against C. S. Weaver & Co., in the district court for St. Louis county, in the state of Minnesota, to recover the damages sustained by the aforesaid collision, which latter suit

was grounded on the alleged negligence of Weaver & Co. in failing to properly stay and block the steamer Butte while it was resting on the marine ways and was in their charge. The trial of this latter action at common law resulted in a verdict against C. S. Weaver & Co. in the sum of $4,300, which was rendered on the 24th day of August, 1884. Weaver & Co. obtained a stay of proceedings on this verdict, with leave to file a motion for a new trial, and such motion for a new trial had been filed and was pending and undetermined on the 5th day of March, 1885. In the meantime the suit in admiralty against Power and others had been tried and determined, and on the 5th day of March, 1885, that case was pending on appeal from the decree against Power in the supreme court of the United States. In this posture of affairs, and on the 5th day of March, 1885, Roger S. Munger, the defendant in error, for himself and in behalf of the firm of C. S. Weaver & Co., entered into an agreement with Thomas C. Power, the plaintiff in error, which agreement, after reciting substantially all of the facts aforesaid, contained the following stipulations, to wit: "Therefore it is agreed by and between them that said C. S. Weaver and Roger S. Munger shall discharge the stay of proceedings entered in the case against them, and allow judgment to be entered therein on the verdict; and, when judgment is so entered, the said Thomas C. Power shall contribute and pay one-half the amount of said judgment to the said C. S. Weaver and Company, to be by them used in paying said judgment, which they agree to do at once upon receipt of the same from said Power, and cause said judgment against them to be discharged and satisfied of record. And it is further agreed that, immediately upon the judgment against said C. S. Weaver and Company being discharged of record, the said Thomas C. Power shall commence proceedings to have the said judgment against him discharged and satisfied; and, to accomplish that end, he agrees to exhaust all means known to the law in all courts having jurisdiction, original or appellate, at his own proper costs and expense; and if, after making such efforts to have said judgment against him satisfied of record, he fails, and is compelled to pay the same, then and in that event the said Roger S. Munger and Charles S. Weaver agree to refund and pay over to him the said amount paid by him and used towards paying the said judgment against said C. S. Weaver and Company. And, if the said Power shall succeed in getting the said judgment against him satisfied, the money so paid by him towards satisfying the said judgment against C. S. Weaver and Company shall not be refunded or paid to said Power, nor shall the said Power have any claim or demand against them for or on account therefor." In compliance with the provisions of the foregoing contract, the pending motion for a new trial which had been filed by Weaver & Co. in the suit against that firm in the state court was withdrawn. Judgment was entered on the verdict therein, and the amount of such judgment was paid into court for the use of the plaintiffs. This judgment was by the state court ordered to be entered as satisfied on July 20, 1885. Power did not succeed in obtaining a reversal of the decree in the admiralty suit, but was subsequently compelled to pay the same. The present suit was brought by Thomas C. Power against Roger S. Munger to recover the full amount of the decree rendered against him in the admiralty suit. The action was brought upon the theory that the firm of Charles S. Weaver & Co. was liable to Power for the damages resulting from the collision, which he had been compelled to pay to the owners of the steamer Colonel McLeod, because the firm of C. S. Weaver & Co. became the agents of Power and the other owners of the Butte, by virtue of the contract made to draw the steamer Butte out of the river, and that they were liable to their principals for a negligent performance of that duty. On the trial of the suit in the circuit court, that court appears to have held that the contract entered into between Thomas C. Power and C. S. Weaver & Co. on the 5th day of March, 1885, was in effect a release of the liability sought to be enforced in this suit.

Henry L. Williams (C. D. & T. D. O'Brien, on the brief), for plaintiff in error.

W. P. Warner (Harris Richardson and C. G. Lawrence, on the brief), for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge, after stating the case as above, delivered the opinion of the court.

Having in view the relations existing between the parties to the agreement dated March 5, 1885, the terms of that agreement, and the circumstances under which it was executed, we feel constrained to hold, as the circuit court appears to have ruled, that the agreement in question precludes the plaintiff in error from recovering on the cause of action stated in the present suit. It appears that the owners of the steamer Colonel McLeod had recovered two judgments in different forums for the same wrong and injury,—the one against Thomas C. Power, in the admiralty court, and the other against C. S. Weaver and Roger S. Munger, in the state court. The latter persons questioned the validity of the verdict which had been rendered against them, and were in a position to attack the verdict in the trial court, and to have it reviewed on a writ of error by an appellate tribunal. At this juncture, Power, the plaintiff in error, seems to have intervened for his own protection and advantage, and to have induced Weaver and Munger to abandon the further defense of the suit against them. The proposition to let a judgment be entered against Weaver & Co. in the state court upon the verdict that had then been returned, and to pay that judgment, seems to have come from counsel who were employed by the present plaintiff in error, and the proposition in question appears to have been made, in the belief, that, if the judgment in the state court was paid, it would operate to discharge the decree in the admiralty suit, which was then pending on appeal in the supreme court of the United States. That it did not have the intended operation is a matter of no concern to Weaver & Co.; as the opposite party took his chances that it would have such effect, and cannot now be heard to complain if he was misled or was mistaken. It also appears from the record that the money paid into the state court by Weaver & Co., pursuant to the agreement of March 5, 1885, was actually withdrawn under some arrangement between Baker and others and Mr. Power, and that the fund was eventually used to satisfy the decree against the latter in the admiralty court. But it is more important to observe that the very event has now happened which was foreseen by the parties to the agreement of March 5, 1885, and was provided for therein. It was stipulated in that agreement, in substance, that if said Thomas C. Power fails to have the decree against him satisfied, and is compelled to pay the same, "then and in that event the said Roger S. Munger and Charles S. Weaver agree to refund and pay over to him the said amount paid by him, and used towards paying the said judgment against C. S. Weaver & Co." This clause of the agreement, we think, is the measure of the liability which the plaintiff in error can now enforce against the members of the firm of C. S. Weaver & Co., or either of them, inasmuch as the very contingency has arisen which the parties foresaw and provided for. If it was intended

that Weaver & Co. should rest under or assume any other liability to the opposite party to the agreement than the one above expressed, in the event that he was compelled to pay the decree of the admiralty court, that additional or different liability should have been stated. It is a fundamental rule that in the absence of fraud or mistake, when parties see fit to put their engagements in writing, the written agreement is conclusively presumed to express all of the obligations which either party intended to assume towards the other. It is of no importance, therefore, that the contract in question did not expressly declare that Mr. Power would not seek to hold Weaver & Co. liable to him for the full amount of the admiralty decree, if he was eventually compelled to pay it, for that agreement is necessarily implied in what was in fact expressed.

We also consider it very improbable that Munger and Weaver would have consented to abandon the defense of the suit pending against them in the state court, and to pay the judgment therein on the terms mentioned in the agreement of March 5, 1885, if they had understood that Power and the other owners of the steamer Butte claimed that Weaver & Co. were liable over to them for whatever sum they might be compelled to pay in settlement of the existing decree in the federal court, and that such a demand would, in the end, be preferred against the firm of C. S. Weaver & Co. It is far more reasonable to believe that Munger and Weaver acted in the belief that the contract of March 5, 1885, was a release from all further liability on account of the collision between the two steamers, except the liability stated in the agreement to refund to Mr. Power the money which he had advanced to help pay the judgment in the state court, if the latter was unsuccessful in avoiding the payment of the existing judgment in the federal court. Such, we think, was the interpretation placed upon the contract of March 5, 1885, by all of the parties thereto when it was executed; and such, we think, was the necessary legal effect of that agreement. Entertaining that view, it becomes unnecessary to consider some other interesting questions presented by the record which have been discussed by counsel with much thoroughness and ability. The judgment of the circuit court will accordingly be affirmed.